## INSOLVENT CORPORATION—RECEIVERS—JURISDICTION.

[Defiance Circuit Court, October Term, 1898.]

Day, Price and Norris, JJ.

A. WILHELM & SON V. THOMAS PARKER, JR., RECEIVER, ETC.

1. JURISDICTION OF RECEIVER OVER FORMER POLICY HOLDERS.

Where a receiver is appointed to wind up the affairs of a mutual fire insurance company, a corporation, and such receiver is authorized to make assessments upon its policy holders to pay its debts, it cannot be said that former policy holders whose policies had been cancelled and surrendered before such company became insolvent, although they are liable for such indebtedness that was incurred during their membership, occupied any other relation to the company, other than that of debtors to the creditors of the company ; and, therefore, such former policy holders have ceased to be members of that company, in a sense that its receiver could represent them and acquire jurisdiction of their person and thereby make them parties in such proceeding. The receiver was not their representative ; he was their adversary.

2. PROOF, WHEN "POWERS" CONFERRED BY LAWS OF A SISTER STATE UPON ITS COURTS, ARE PUT IN ISSUE.

The laws of a sister state conferring power upon its courts, when the scope of that power thus conferred is put in issue in a proceeding in this state, becomes a fact in issue and must be sustained by proof as any other fact upon which the event of the action depends.

3. PROOF OF SUCH POWER SHOULD BE MADE BY PROFERT AS PROVIDED FOR IN SEC. 5244, REV. STAT.

The power of a court in a sister state to do a certain thing should be made to appear by a profert of the laws of that state conferring such power and fixing the *status* of the court and the scope of its jurisdiction in that regard, as provided in sec. 5244, Rev. Stat.

4. PRESUMPTION AS TO JURISDICTION OF A COURT IN A SISTER STATE OVER A NON-RESIDENT.

The presumption of jurisdiction of a superior court of a sister state in an action upon its judgment as in the case at bar, extends to jurisdiction over the person of one within the territorial limits of the process of the court, and to those procedures which the common law recognizes as within the radius of its jurisdiction.

Wilhelm & Son v. Parker, Receiver.

5. Extent of Power Authorized by Legislative Enactment of a Sister State may be put in Issue in an Action in this State.

The extent of power authorized by legislative enactment of a sister state, and the effect of proceedings and judgments under such powers, are not presumed to be within the knowledge of courts of another state, and hence may be put in issue, inquired into and explained.

6. Jurisdiction of Subject Matter Conferred by Statute is not Presumed.

The jurisdiction of a subject matter which is conferred by statute is not presumed. The statutory jurisdiction of a court as well as the statute conferring it are not subject of judicial cognizance, but must be pleaded, and in the face of denial must be proved.

7. It cannot be Presumed that a Court in a Sister State had Jurisdiction Because it Assumed to Exercise it.

Where it appears by the record that a court in a sister state took cognizance of a certain action, it cannot be presumed that the court had jurisdiction because it assumed to exercise it.

8. When Court in this State cannot Accept as Proof that Court of a Sister State had Jurisdiction.

A court in this state cannot accept as proof of jurisdiction and evidence of power and assume the jurisdiction of a court in a sister state to exist, from the naked proceeding of that court—the legality and force of which is challenged—because, and upon the ground that the court was outside of and beyond its power in attempting to entertain the action, and was not authorized by the laws of such sister state to take cognizance of the subject matter of the controversy.

Error to the Court of Common Pleas of Defiance county.

Norris, J.

The defendant in error, Thomas Parker, as receiver of the Mutual Fire Insurance Company, of Chicago, brought his action as such receiver in the court of common pleas of Defiance county, Ohio, to recover upon two certain premium or deposit notes—so called—which plaintiffs in error, who were lately partners, had executed to. said company as such partnership firm, and which were made in compliance with the conditions of two certain policies of fire insurance, issued by said company, covering risks owned by said partnership firm.

The receiver in his amended petition in the court below alleges these facts, and further avers that said policies were issued and accepted by said Wilhelm & Son, and each policy contained the condition and agreement that "the insured becomes a member of this company, and agrees to pay the premium annually during the life of the policy, and in addition thereto such sums not to exceed five times the amount of the annual premium, at such time and manner and by such installments, as the directors of the company shall assess and order pursuant to its charter and by-laws and the laws of the state of Illinois.

The company was chartered and organized under the laws of the state of Illinois.

The notes were dated, one March 22, 1886, for $500, the other dated February 1, 1887, for $300, and are promises to pay by installments at such times as the directors of the company may order and assess for losses and expenses of said company pursuant to its charter and by-laws.

The dates of the policies correspond with the dates of these notes respectively, and were then issued.

The plaintiff says, that said company had before the making of these notes, and before issuing said policies of insurance, complied with the requirements of the laws of Ohio, enabling it to do business in this state,

and had received its certificate from the proper authority in that regard; and at the date of these policies was so authorized to do business in Ohio, and so continued during the effect of the policies which covered the period respectively from the date they were issued until about the fourth day of August, 1890.

About the fourth day of August, 1890, said policies were, at the solicitation of defendants, cancelled and delivered up to said company, and these premium notes were to defendants returned.

The plaintiff says, that at the time the policies were so returned to the company, and the notes delivered up to defendants, said company was insolvent and unable to pay its debts and losses.

That the policies as a part thereof had this condition:

"That liability as to prior losses and expenses shall not terminate until all assessments levied for losses and expenses arising during the life of said policy, are fully paid."

The losses and expenses had accrued during the life of said policies for which defendants were liable, and assessments for the payment of which had been duly made.

That by a proceeding had in the circuit court of Cook county, Illinois, after said policies and notes were surrendered up, and by the consideration of said court, the plaintiff was appointed receiver of said company, and under the direction and guidance of that court the assets and liabilities of said company were marshaled, and an assessment was made upon its members to meet the deficiency and pay the debts of the company; and in that proceeding, and by the consideration of that court, defendants were adjudged to pay as the assessment upon the first note and policy, the sum of $106.79, and upon the second note and policy, $108.20. And that by the decree and order of said court, it was considered that if said payments were not made within thirty days after demand of payment, then the receiver should collect all remaining unpaid of said premium notes. And plaintiff seeks to recover against the defendants the sums of $450 and $270, in the aggregate $720, being the full unpaid residue of said premium notes.

The various steps leading to this condition, are set out at great length in the petition, and also is stated the fact that the company changed its name from time to time, as its members desired, until was finally chosen, the name under which it figures in this action.

To each cause of action in this amended petition a demurrer was filed. The demurrer was overruled.

After the filing of this amended petition, one Longworthy was appointed receiver of said company, to succeed Parker who had resigned, and he comes by supplemental petition and makes known that fact, etc.

Various motions to the pleadings and to the action were filed by the defendants, and were overruled by the court.

The defendants finally answer the amended petition, and deny that the Mutual Fire Insurance Company of Chicago is a corporation organized under the laws of the state of Illinois. Deny that it received its name by any change from any former name or names, and deny that it was ever authorized to carry on business in Illinois or in Ohio. Defendants admit that the notes and policies were delivered up and cancelled.

Defendants aver that while said company was solvent and competent to legally do so, it settled and adjusted these notes and policies; in which settlement were included all the liability to respond to assessments under them, and that the notes and policies were cancelled and released and the

Wilhelm & Son v. Parker, Receiver.

notes were returned to defendants under and in accordance with the provisions of this settlement. And that defendants were by said settlement forever released and discharged and ceased to be members of said company, and ceased to be liable by reason of such membership.

The defendants specifically deny that the plaintiff was appointed receiver by the circuit court of Cook county, Illinois, or by any court that had jurisdiction so to do.

And' they deny that the circuit court of Cook county, Illinois, had jurisdiction to appoint plaintiff receiver, as alleged in the amended petition. And also by their general denial, which denies all else in the amended petition not admitted, plaintiff deny that the circuit court of Cook county, Illinois, had jurisdiction of the persons of the defendants; and deny that said court had jurisdiction and power to do, and cause to be done, the things named in the amended petition, and to adjust and determine the assessment, and adjudge and order and make adjudication in relation to the matters and premises, as claimed in the petition and as therein set forth.

The supplemental petition of Longworthy is denied by defendants.

Plaintiff replies and denies the settlement as pleaded in the answer.

An answer in abatement had been filed before the issues were thus made up, which alleged as its grounds, that Parker has ceased to be receiver of the Insurance Company that for that reason the trial court had lost jurisdiction and the action of plaintiff abated, and that in its nature it is not such an action as can be revived in favor of Parker's successor.

A demurrer to this answer was sustained.

The issues thus presented by the amended petition, the answer thereto and the reply, were upon the evidence submitted to the trial court without the intervention of a jury, and the result is, the finding for the plaintiff. Defendants' motion for a new trial was overruled, and judgment was entered upon the finding of the court. A bill of exceptions preserving all the evidence was allowed by the trial judge, and the case is here urged upon petition in error for reversal.

The assignments of error are:

*First*—The court erred in its 'admission of evidence offered by the plaintiff and objected to by the defendants.

*Second*—That the finding and judgment of the court are not sustained by the evidence, and are against the law.

*Third*—That the court erred in overruling defendants' motion for new trial.

The other assignments of error are:

*Fourth*—That the court erred in overruling defendants' motion to make the petition more definite and certain.

*Fifth*—That the court erred in overruling defendants' motion to strike the amended petition from the files.

*Sixth*—Error in overruling the demurrer to the amended petition.

*Seventh*—Error in refusing to dismiss the action and in entertaining the motion of Longworthy to revive the action, and in granting said last named motion.

*Eighth*—Error in granting Longworthy leave to reply.

*Ninth*—Error in striking the reply of Parker from the files and in sustaining the demurrer to defendants' answer in abatement.

*Tenth*—Error in overruling motion to produce certain records.

*Eleventh*—Error in entertaining jurisdiction to try the case.

To none of the matters so assigned for error, have exceptions been saved, other than to the complaints :

*Tenth*—That the court overruled defendants' motion to produce certain records;

*First*—Error to admission of evidence offered by plaintiff.

*Second*—That the finding and judgment are not sustained by the weight of the evidence, and are contrary to law ;

*Third*—Error in overruling defendants' motion for new trial.

As to the motion to produce records, there is nothing in the bill of exceptions indicating what the record is that defendants desired to be produced, and hence this court is not informed how the case was affected, or what bearing the failure to produce may have had on the event of the action, and find no error in this regard.

As to the admission of evidence over defendants' objection, the record discloses nothing to the prejudice of defendant, that will warrant the conclusion that the trial court erred in admitting evidence offered by the plaintiff.

So there remains to be determined by this court only the question as to whether the finding of the court was against the weight of the evidence, and the judgment contrary to law, and whether for this reason there is error in overruling defendants' motion for new trial.

It is conceded that at the date of the proceedings in the circuit court of Cook county, Illinois, these policies had been cancelled and these notes had been returned to the defendants ; and all this, before the appointment of any receiver for the company.   This action therefore, is not upon the notes, but is founded upon the decretal order of the circuit court of Cook county, Illinois, authorizing and commanding its receiver to make the asssessment declared in the petition, and ordering action to enforce its decree.

It is not claimed that the defendants were residents of Illinois, or were within the territorial limits of Illinois, at the time that proceeding was instituted, or at any time since, and it is not contended that jurisdicdiction of their persons was acquired by any service of the process of that court upon them, or either of them.

But it is claimed that the plaintiff, in his character of receiver, represented the company, and represented its members, and that through the receiver, and by virtue of his standing in the place of the corporation, and the associates who constituted it, jurisdiction of the person was obtained.   We are not of the opinion that this condition prevailed in this case.

It cannot be claimed that defendants, at the time of the appointment of the receiver and of the proceedings in the circuit court of Cook county, occupied any relation to the company, other than that of debtors to the creditors of the company.   They had agreed in their policies to remain liable for debts which accrued during their membership.   They were not in any sense of the term members of the company ; they could not be heard as members; they had no voice in making its officers, or in dictating its management; they were not interested in its earnings, they were no part nor parcel of it.   They owed its creditors under a contract with it, the terms of which in that regard did not cease with severance from it.

In this view it is the opinion of the court, that these defendants were not parties to the proceeding and judgment in the circuit court of Cook county, Illinois, and are not bound by it.   They had ceased to be

members of that company, in a sense that its receiver could represent them in an action, and thereby make them parties to the action. The receiver was not their representative ; he was their adversary.

But whether they were so far members as to be represented by the receiver, or were not ; or had they been before that court in fact in their own proper persons, the finding of the trial court is not sustained by the weight of the evidence.

There is not proof warranting.this court in assuming that the circuit court of Cook county, Illinois, was a legal tribunal having jurisdiction to do that which the petition claims was done in the proceedings had before it, and upon which, and by the strength of which, he asks relief here.

The judgment of a court of general jurisdiction in a sister state, possesses here the character of a contract liability with all defenses which might or ought to have been pleaded there to the merits eliminated by that adjudication.

In this case it does not appear, that the jurisdiction of the circuit court of Cook county, Illinois, depended upon any fact directly and necessarily decided by that court in that proceeding.

This is not a judgment pleaded in bar, but a judgment pleaded in support of recovery.

The answer in this case is not a plea of *nul tiel record*, but an attack upon the validity of the proceeding itself.

The laws of a sister state conferring power upon its courts, when the scope of the power thus conferred is put in issue as in the case at bar, becomes a fact in issue, and must be sustained by proof as any other fact upon which the event of the action depends.

In this case, though proof might have been offered, and though the way is pointed out by which such proof can be made, it was not made and not offered.

The subject and trend of this proceeding of the circuit court of Cook county, Illinois, stamps it as not of the character known to the common law jurisdiction of courts. In a case as the one at bar, the jurisdiction of the court from which the judgment emanates is only presumed to extend to those matters which courts acting under the common law, are wont to recognize and determine.

The power of the circuit court of Cook county, Illinois, to take cognizance of such a controversy as that proceeding discloses, should be made to appear by a profert of the laws of that state conferring the power and fixing the status of the court and the scope of its jurisdiction in that regard, sec. 5244, Rev. Stat.

Section 905, of the laws of the United States, determines how the records and judicial proceedings of courts are to be authenticated and rendered competent as evidence and admitted as evidence, in the courts of any other state. And further provides that when so rendered competent by due attestation and authentication, such proceedings shall have the same faith and credit given to them in the courts where so admitted as they have by law or usage in the courts of the states from which they are taken.

And when such records are so presented, and admitted in the absence of denial, the jurisdiction of the person and of the controversy, and power of the court from which they emanate to take cognizance of the action and to determine the rights of the parties, is deemed to exist, because the validity and virtue of the proceeding and its effect is asserted

in the petition, and not traversed and made an issue in the case by answer.

The foundation of the plaintiff's claim, and the salvation of the case rests upon the effect which that proceeding in the circuit court of Cook county, Illinois, has by law or usage in the courts of that state.

The plaintiff claims, that the proceeding would have the effect in the courts of Illinois, to bind the defendants to this action, and for that reason that it has the same effect here.

The plaintiff asserts that the court from which the record offered in evidence in this case, was taken, was a court that had authority to make the adjudication, and that the action of which that record is the evidence, was one in its nature within the scope of its jurisdiction and contemplated in the purpose of its organization.

This is a fact when so asserted which invites denial, and is denied, and is susceptible of proof; of it proof is demanded, and the burden of sustaining the assertion is upon the plaintiff.

Presumption of jurisdiction of a superior court of a sister state in an action upon its judgment as in the case at bar, extends to jurisdiction over the person of one within the territorial limits of the process of the court, and to those procedures which the common law recognizes as within the radius of its adjudications.

The limit of such jurisdiction, and the effect of such adjudication, is the same in states in which the common law prevails, and courts of such states are presumed to understand their force and purport. But the extent of power authorized by legislative enactment, and the effect of proceedings and judgments under such powers, are not presumed to be within the knowledge of courts of another state, and hence may be put in issue, inquired into and explained.

So that jurisdiction of a subject matter which is conferred by statute is not presumed. The statutory jurisdiction of a court as well as the statute conferring it, are not subject of judicial cognizance, but must be pleaded, and in the face of denial must be proved. The judgment of a superior court, in a controversy in which jurisdiction is conferred by statute, is in character no stronger than the judgment of an inferior court of a sister state. 161 Mass., 111, 25 L. R. A., 804.

The proceeding had in the circuit court of Cook county, Illinois, and the judgment upon which the action here is founded, were not in the exercise of the jurisdiction which at common law, courts of general jurisdiction have the power and right to exercise.

It is a jurisdiction that, if possessed at all, is necessarily conferred by the legislative authority of the state where exercised. And the law clothing the court with power, is neither pleaded nor offered in proof in this action.

In such case it cannot be presumed that the court had jurisdiction because it assumed to exercise it. Nor can it be supposed merely from the attested copy of the record of the proceedings in the circuit court of Cook county, Illinois, offered in evidence here, that that " court had jurisdiction because the page proffered is its record and that the paper offered is its record and imports verity because the court had jurisdiction." A conclusion so determined would, to say the least, be a very lame one.

We cannot accept as proof of jurisdiction and evidence of power and assume the jurisdiction of that court to exist, from the naked proceeding of that court, the legality and force of which is challenged,

because, and upon the ground, that the court was outside of and beyond its power in attempting to entertain the action, and was not authorized by the laws of Illinois to take cognizance of the subject matter of the controversy. And this being all that is offered to meet defendants' denial, we deem the proof in that respect insufficient to support the finding in the plaintiff's favor.

I might here gratuitiously remark, that the judgment, inasmuch as it orders the collection of three or four times the amount necessary to meet defendants' liability, is so far repugnant to the instinctive principles of justice, that if it were the judgment of the court of an alien state, it would, for that reason, not be considered the basis of remedy.

However, for the errors already designated, the judgment and finding of the trial court are set aside, at the costs of defendants in error, and the case is remanded for execution and new trial.

*Henry Newbegin*, for plaintiff in error.

*B. B. Kingsbury* and *C. W. Greenfield*, for defendants in error.